UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA

MR. JASON W. KING
          Plaintiff

          v.

UNITED STATES OF AMERICA, et, al..

          and

FEDERAL BUREAU OF PRISONS, et,al
320 FIRST STREET N.W.
WASHINGTON, D.C.  20534

          and

MICHAEL B. MUKASEY, et,al.
UNITED STATES ATTORNEY GENERAL
MAIN JUSTICE BUILDING
TENTH AND CONSTITUTION AVE, N.W.
WASHINGTON, D.C.  20530

          and

Monty Christy, Correctional Counselor
Micheal Midgley, Correctional Counselor
Saucue Ma'at, Unite Manager
Eric Brooks, Case Manager
Sue Engles, Associate Warden of Programs
T.R. Craig, Warden
Dr. David Aiakman, Dentist
Dr. S. Hughes, DDS/CDO
Hattie Smalls, Assistant Warden
Dr. McDaniels, Psychologist
                    Defendants.

F.C.I. Beckley
P.O. Box 1280
Beaver, WV  25813

All being sued in thier individual
and Official Capacity

Civil Case No. 5:09-0068

**JURY TRIAL DEMANDED**

original

**PARTIES:**

1.      Plaintiff, Jason W. King at all times mentioned herein was being housed at the Beckley, F.C.I. P.O. Box 1280, Beaver, WV. Pursuant to a sentence imposed by the United States District Court who turned plaintiff over to the Attorney General and the Federal Bureau of Prisons who designated plaintiff to the Beckley facility.

2.      Defendant, United States of America, is a federal Corporation Pursuant to 28 U.S.C. § 3002 (15, ch 176 endowed with the capacity to sue and be sued. The United States being the defendant who is detaining plaintiff is to provide and assure that the plaintiff is provided proper treatment, Care, Shelter, Safety, Rehablitation, Reformation, while he remains a prisoner committed to the custody of the Federal Bureau of Prisons and the U.S. Attorney General. Defendant is being sued for Punitive, Compensatory, Exemplary , Damages in it's Individual capacity.

3.      Defendant's Micheal B. Mukasey,                    are the United States Attorney General and the Assistant Attorney General as Attorney Generals they are responsible for the care, Safety, Custody, treatment, Reformation, Rehabilitation of Prisoners committed to the Custody of the Federal Bureau of Prisons Pursuant to U.S.C.A. Title 18 §§ 4001. (a)(b) and § 5003. (a)(1)(2)(a). Defendants are being sued for Compensatory,Punitive, Exemplary damages in thier Individual and Offi cial Capacity.

4.      Defendant's  Monty  Christy, Michael Midgley are Correctional Counselors. They are both responsible for providing couseling and guidance for the inmates of the unit in areas of institutional adjustment, personal difficulties or concerns, and plans for the future. he/she plays a leading role in all seagments of unit programs and is a voting member of the Unit team. The Counselor will visit inmate work assignments regularly and is the individual to approach for daily problems. As a senior staff member, the counselor provides leadership and guidance to other staff in the unit. They are also responsible for issueing Grivance forms at all levels from the (BP-8 thru BP-11). The counselor is a member of the unit discipline Commitee. They are responsible for the care, safety, custody, treatment, rehabilitation, reformation, subsistence, They are both being sued for Punitive, Compensatory Exemplary damages in thier individual Capacity.

5.      Defendant, Saucue Ma'at, is the Unit Manager and a supervisor of the Unit and oversees all unit operations,Programs and activities. They are department heads at the institution and has a close working relation-

ship with other departments and Personnel. The unit Manager is the chair-person of the  team, reviews all team decisions, and ordinarily chairs the Unit discipline Commitee, and review and make decisions on all Grie-vances at the initial BP-8 stage to Informally resolve. He is also re-sponsible for the care, custody, safety, treatment, Rehabilitation, Re-formation, subsistance, He is being sued in his Individual capacity.

6.   Defendant, Eric Brooks is a case manager for F.C.I. Beckley as case manager he is responsible for all case work services and prepares classification material, progress reports, release plans, Correspondence and other material relating to commitment. They are accountable to the Unit manager on a daily basis and the Case manager Coordinator (a Spe-cialist Department Head who provides technical assistance to the Unit staff in case management affairs). With reference to specialized tra-ining and duties. The case manager serves as a liaison between the in-mate, the administration and the community. The Case manager is a member of the unit Disciplinary Committee, and the administrative remedy process, the case managers are also responsible for the care, custody, safety, treatment, rehabilitation, reformation, subsistence. They are both being sued for Punitive, Compensatory, Exemplary damages in his individual capacity.

7.   Defendant's T.R. Craig is the Warden and Hattie Smells is the Assis ₂tant Warden of F.C.I. Beckly and are responsible for the orderly running of the Institution and the overall supervisor of Correctional staff member (employee's) and inmates and thier care, safety, Custody, treatment, subsistance, housed under thier custody at F.C.I. Beckle − further they are responsible for establishing policies and procedures they are being sued for Compensatory, Punitive, Exemplary damages in thier individual capacity.

8   Defendant, Dr. David Aiakman is the F.C.I. Beckley dentist assigned to the facility. As the assigned Dentist he is responsible for providing proper dental treatment which is a right Pursuant to Inmate Rights and Responsibilities § 541.12. Further he is responsible for the overal care, treatment,for dental care. He is being sued for Punitive, Exemplary, Com-pensatory damages in his Individual capacity.

9.   Defendant, Dr. S. Hughes, DDS/CDO is a doctor assigned to F.C.I. Beck-ley as the doctor he is responsible for the overal supervision of the medical staff. He is responsible for the overal Medical care, treatment custody subsistence. He is being sued for Compensatory, Punitive, Exem-plary damages in his individual capacity.

10.   Defendant, Sue Engles is the Associate Warden of Programs she is responsible for the Overal Supervision of the Programs at F.C.I. Beckley and the orderly running of the Institution. she is responsible for the Care, Custody, Safety, Treatment, Rehabilitation, Reformation, Subsistance, She is being sued for Punitive, Compensatory,Exemplary damages in her individual capacity.

( 3 )

11.   Defendant, Dr. Mc Daniels is the Institutional Phyciatrist as the Phyciatrist she is responsible for the mental health care of Inmates at The F.C.I. Beckley facility. she is responsible for the overal care, treatment,custody, safety, Rehabilitation, subsistance. He is being sued for Punitive, Compensatory, Exemplary, damages in his Individual Capacity.

I. **CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND:**
   **PRELIMINARY STATEMENT:**

1.   This is a 42 U.S.C. §§ 1983 civil rights complaint filed by Mr. Jason W. King, a citizen of the State of Ohio presently being housed by the United State Attorney General in a Federal Prison Pursuant to § 4042. (a)(1)(2)(3)(4)

2.   Plaintiff is filing this civil rights complaint for Punitive, Exemplary, Compenenstory damages. Plaintiff alledge and contend that he was Physically assaulted by the Dentist at F.C.I. Beckley by him mistakenly performing dental proceedures by filling a tooth which nothing was wrong with mistaking me for the wrong inmate. Which caused the Plaintiff pain and suffering, and a root canal to treat the damage from the tooth which was filled by mistake out of deliberate indifference and Crual and Unusual Punishment.

## JURISDICTION

3.   The Court has Jurisdiction and supplemental jurisdiction pursuant to 18 U.S.C. § 4001. (a))b1); 18 U.S.C. § 4007; 18 U.S.C. § 4042. (1)(2)(3)(4); 18 U.S.C. § 4005. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. §§ 1331 (a) and 1343(b).

## FIRST CAUSE OF ACTION:

Facts:  <u>Medical Malpractice and Medical Mistake</u> :

12.   On May 30, 2007, plaintiff was placed on the call out by a Jane Doe medical staff member for the A&O physical and dental screening. which is mandatory that the plaintiff appear. The same day the dental department had another inmate King on sick call appointment. When the Plaintiff was seated, the dental staff had mistaken the plaintiff for the other inmate King on sick call. The plaintiff was never asked any

questions concerning what Plaintiff's dental problems were or whether
the tooth was still bothering him which would have alerted the plaintiff
that there was a mistake and that he was the wrong patient, as well as
they were under the assumption that he was someone else, Further, the
plaintiff handed the dental assistant his institutional identification
card a X-ray was taken the plaintiff was seated in the dental chair
and the dentist approached the plaintiff with a needle, At which time
the plaintiff asked what that was for, the dentist stated that it was
routine and to open my mouth. The whole time Dr. Aiakman was under the
impression that I was someone else, Basically another inmate with the
same last name (King) who had been scheduled to have his tooth filled.

13.   Plaintiff, assert and contend that before he was treated he
should atleast have been asked what the problem was or was he still
in pain according to procedure or atleast given a consent form to have
the procedure performed.

14.   After the Plaintiff was numbed by Dr. Aiakman, the triage med-
ical assistant called and asked if the other inmate (King) had arrived
at the dental department. Upon checking my registration number the
dental staff realized they had made a mistake and mistaken me for the
other patient inmate (King).

15.   At this time the tooth had already been filled, the mistake was
then brought to my attention that I was initially there for a dental
screening.

16.   Dr. Aiakman filled a tooth which there was nothing wrong with
which was tooth number (30).

17.   Thereafter, the plaintiff started having severe pain in the tooth
which had been mistakenly filled, from the drilling, packing, and filling
thereafter the plaintiff was again seen on June 19, July 10, and July
23, 2007 as a result of requesting thru sick call (Dental) complaining
of sensitivity from anything hot or cold on tooth number (30).

18.   There, were subsequently Two (2) X-rays taken thereafter at which
time there was alledged to have been nothing wrong with tooth # 30,
however, tooth number 31 was stated to present decay and that my wisdom
tooth number # 32 was stated to be horizontally impacted.

19.   The dental staff attempted to explain to the plaintiff that hot
and cold sentivity was common after a filling is placed.

20.   The plaintiff further asserts that the June 19th appointment Dr.
Aiakman adjusted the Occlusion on tooth number 30, as well as pre-
cribed (Motrin and a antibiotic to alleviate the discomfort) I was
having.

21.   I was again seen through sick call on August 8 and 23, 2007 and
prescribed (Motrin) and both occasions and told I would be rescheduled
to replace the (Amalgam) restoration with a composit restoration.

22.   On September 10, 2007, a radiograph was taken and the only in-
dication for pain was once again tooth number (31) which was stated to
have decay.

( 5 )

23. At which time I refused to allow Dr. Aiakman to treat me because
I felt that he did not know what he was doing. Instead I requested
that he finish what he had done, which was fill the tooth he had in-
itially filled by mistake, which was tooth number (30) and I was again
prescribed (Moltrin) for Pain which was not strong enough because I
was in severe pain after the numbness left.

24. Again, on September 25, 2007, I requested to be seen thru sick
call where I complained of severe pain concerning this same tooth.

25. I was seen on or about September 27, 2007, and again a radiograph
was taken which allegedly revealed nothing was wrong with my tooth, the
same tooth number (30) but Dr. Aikman alledged taht there was decay on
tooth number (31).

26. The dental staff attempting to convince me that the pain was
coming from the decayed tooth number (31) which was a tooth I had never
had any trouble with untill the dentist Mr. Aiakman mistakenly filled
my tooth thinking I was another Inmate by the name of King at which
time the dental staff continued to attemp to convince me to let them
pull (extract) the tooth number # 30 which was mistakenly filled on
October 4, 2007 which also resulted in me having to have surgery for
a Root Canal after being transfered from the Beckley facility which
Dr. Aiakman refussed to perform.

27. Furthermore, the plaintiff was placed in the adjustment Unit and
denied further medical treatment for the Tooth which was mistakenly
filled which caused severe pain and suffering, severe damage to the
point that the Plaintiff had to endure a Root Canal from the inten-
tional denial out of deliberate indifference to the plaintiff's
serious need for treatment which Dr. Aiakman caused by his mistakenly
filling my tooth in the place of another inmate.

( 6 )

## Exhaustion of Remedy

28.   The plaintiff asserts and contend that he attempted to exhuast
his available administrative remedys pursuant to the prison Litigation
Act, and the Prison grivance procedure, the plaintiff filed an admin-
istration remedy form BP-8 and BP-9 and was subsequently placed in the
adjustment unit while awaiting the response from the Warden on the BP-9
response while in the adjustment unit at F.C.I. Beckley. Eventually the
plaintiff received the Wardens response on December 4th 2007 thru the
general mail call process in the segregation unit the Wardens response
was sliped under the cell door, and dated (11/13/2007), Shortly there-
after, I was transfered from F.C.I. Beckley and remained in transit un-
till April 6th, 2008. Plaintiff have since attempted to exhaust this
issue by requesting for an extention of time due to circumstances be-
yond his control and have been denied after explaining the circumstances
of his delay and was informed that his request was being denied, because
the plaintiff was no longer in the same region in grivance # (463770-F3)
in violation of plaintiff's due process and the First Amendment right
to Petition the Government for redress of Grivances.

## Claims for Relief

29.   The actions of defendant Aiakman and Jane Doe a dental assistant
in not ensuring the proper care, safety, identity of the Plaintiff be-
fore performing dental treatment of a (filling) of a tooth which did
not need filling, Injecting the plaintiff with (Novo-cain), useing phy-
sical force against the plaintiff when he tried to inform them that
he was only there for a (first time) examination the defendants with-
out need or provocation, or in failing to intervene to prevent the
medical mistake and misuse of force, were done maliciously and sadis-
tically and constituted cruel and unusual punishment, unnecessary pain
and suffering in violation of the Eighth Amendment of the United States
Constitution.

30.    The actions of defendants United States of America, Federal
Bureau of Prisons, Michale B. Mukasey for thier actions or inactions
 for not monitoring thier Medical and Dental Health care workers whom
all the above named defendants are responsible for the plaintiffs pro-
videing competent staff, Proper treatment,care,and safety of the plain-
tiff while being held in thier custody and care, which has caused the
plaintiff to be subjected to crual and Unusual Punishment in violation
of the Eighth Amendment of the United States Constitution·

31.    The actions of defendant Christy, Midgley for thier failure to
assit the plaintiff in receiving proper treatment, care when they be-
came aware that the plaintiff had been assaulted by a medical staff
member when he performed a dental procedure on the wrong patient by
not making sure that I was the correct patient and filling a tooth
that did not need filling. Further the plaintiff was denied assistance
by the above defendants when he sought assistance in receiving treat-
ment for the above mentioned incident and treatment for pain. They
are responsible for personal difficulties and concerns and the in-
dividual to approach for daily problems and failed to take disciplinary
actions against Mr. Aiakman or otherwise to control his behavior which
resulted in the plaintiff to receive a (Root Canal) which Dr. Aiakman
refused to perform after his medical mistake's.

32.    The actions of Ma'at, Brooks failure to take disciplinary or
other action to curb the known pattern of Physical abuse and Medical
mistakes by Dental staff on inmated by defendants Aiakman and Jane Doe,
and Huges constituted deliberate indifference and contributed to and
Proximately caused the above described violation and Eighth Amendment
right's and assault and Battery.

33.    The actions or inactions of Engles, Craig, Smalls in refusing to
ensure the proper treatment, care, and safety of plaintiff and for not
investigating the allegations of a medical mistake which caused the
plaintiff serious medical problems and was a serious medical need cons-
tituted deliberate indifference in violation of the Eight Amendment to
the United States Constitution.

( 8 )

34. The failure of defendant Hughes to provide proper medical treatment once he became aware of the medical mistake and to insure and provide that the plaintiff received the needed (Root Canal), and follow-up examinations and treatment of the damage received and caused by the misidentification of plaintiff which caused the defendants to fill the plaintiff's tooth in the place of another inmate with the same name which caused further more severe damage and eventually leading to having a Root canal performed, constitutes deliberate indifference to the plaintiff's serious medical need in violation of the Eighth Amendment to the United States Constitution.

35. The actions of defendant McDaniels for her failure to provide mental health treatment for the Plaintiff after he sought assistance for the mental and emotional trauma he suffered from being forced under duress to submitt to a unwanted dental procedure which he never requested nor needed which constituted an assault on his person and the intentional denial of proper treatment by staff out of deliberate indifference to the plaintiff's serious needs for mental health treatment for his distress, agitation, and feelings of hopelessness Dr. McDaniels told plaintiff not to start that (Bullshit) and that she was not seeing him after being informed of his needs which was maliciously and sadistically and constituted crual and unusual Punishment, and the Unnessasary wanton infliction of pain and suffering mentally and emotionally in violation of the Eighth Amendment of the United States Constitution.

### Relief Requested

WHEREFORE, Plaintiff request that the court grant the following relief:

A. Issue a declartory Judgement stating that:

    1. The Misidentification of the Plaintiff by defendants Dr. Aiakman and his dental assistant Jane Doe violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted and assault and battery under State Law when they filled the wrong patients tooth.

2.  Defendants Christy, Midgley, Brooks, Ma'at's failure to take action
to curb the physical and medical mistakes once they were informed by
plaintiff violated the plaintiff's rights under the Eighth Amendment
to the United States Constitution and constituted an assault and battery.

3.  Defendant's United States of America, Federal Bureau of Prisons,
Michael B. Mukasey, Engles,Craig, Smalls, Hughes ,McDaniels failure
to provide and ensure adequate medical treatment and care for the
plaintiff while at F.C.I. Beckley violated, and continued to violate,
the plaintiff's rights under the Eighth Amendment to the United States
Constitution.

B.  Issue an injuction ordering the defendants of the Bureau of
Prisons or thier agents to:

    1.  Immediately arrange for the plaintiff's need for the
       repair of his Dental needs, or other follow-up Dental
       treatment to be evaluated by a Dental practitioner with
       expertise in the treatment of Root Canal restoration.

    2.  Carry out without delay the treatment directed by such
       medical practioner.

C.  Award compensatory damages in the following amounts:

    1.  $900,000 jointly and severally against defendants
       Dr. Aiakman and Jane Doe, United States of America,
       Federal Bureau of Prisons, Mukasey, Engles, Craig,
       Smalls, Hughes, Mc Daniels, for the physical and em-
       otional injuries sustained as a result of the plain-
       tiff;s mis-identification and thier failur to moni-
       tor the actions of the dental department.

    2.  700,000 jointly and severally against defendants
       Christy, Midgley, Ma'at, Brooks, United States of
       America, Federal Bureau of Prisons, Mukasey, Engles,
       Craig,Smalls, Hughes , McDaniels, Aiakman, Jane Doe
       for the physical and emotionl injury resulting from
       thier failure to provide adequate medical care and
       treatment to the plaintiff while at the F.C.I. Beckley
       facility

D.  Award punitive damages in the following amounts:

    1.  100,000 each against defendants United States of America,
        Federal Bureau of Prisons, Mukasey, Engles, Craig, Aiakman,
        Hughes, Smalls McDaniels;

    2.  50,000 each against defendants Christy, Midgley, Ma'at,
        Brooks.

E.  Grant such other relief as it may appear that plaintiff is entitled.


Date _10 - 7 - 08_


Respectfully Submitted,


Mr. Jason W. King  Pro-se
No. 66973-061
F.C.I. allenwood
P.O. Box 2000
White Deer, PA  17887


( 11 )

## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF VIRGINIA

**Mr.** JASON W. KING
No. 66973-061
F.C.I. Allenwood                              Civil Rights Complaint
P.O. Box 2000
White Deer, Pa  17887


                                            Jury Trial Demanded


### REQUEST OF MARSHAL SERVICE PURSUANT TO
### RULES OF CIVIL PROCEDURE
### RULE 4.1 (a).

     Comes now, Jason King Pro-se respectfully request this Honorable

Court to have service performed by the United State Marshal service

Pursuant to the Rules of Civil Procedure Rule 4.1 (a).


                                        Respectfully Submitted

Date  11-18-2008                        Mr. Jason W. King

Jason W. King
Reg. #06973-061
F.C.I. Allenwood Med.
P.O. Box 2000
White Deer, PA 17887

United States District Court
For the Southern District of
West Virginia
Federal Building and
US. Courthouse
400 Neville Street
Beckley, WV 25801



HASLER
$5.959
01/02/2009
Mailed From 23231
01TH10512922
US POSTAGE