IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JASON W. KING,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:09-cv-00068

UNITED STATES OF AMERICA, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's *pro se* Complaint (Document 1) filed on January 26, 2009, wherein Plaintiff claims an entitlement to relief pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff names the following as Defendants: (1) the United States of America; (2) the Federal Bureau of Prisons; (3) Michael B. Mukasey, Attorney General; (4) Monty Christy, Correctional Counselor; (5) Michael Midgley, Correctional Counselor; (6) Saucue Ma'at, Unit Manager; (7) Eric Brooks, Case Manager; (8) T.R. Craig, Warden; (9) Hattie Smalls, Assistance Warden; (10) Dr. David Aiakman, Dentist at FCI Beckley; (11) Dr. S. Hughes, Doctor at FCI Beckley; (12) Sue Engles, Associate Warden of Programs; and (13) Dr. McDaniels, Institution Psychiatrist. (Compl. ¶¶ 2-11.) By Standing Order (Document 2) entered on January 26, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On December 2, 2011, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations ("PF&R"), wherein it is recommended that the Court dismiss Plaintiff's Complaint. (Document

14). Plaintiff was granted an extension to file objections to the PF&R and timely filed his objections on January 4, 2012. (Document 18).

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Magistrate Judge VanDervort explains in great detail the relevant facts and procedural history surrounding Plaintiff's Complaint, and the Court incorporates by reference those facts and procedural history contained in the PF&R. Nonetheless, the Court provides a brief summary of the salient facts. Plaintiff alleges Defendants violated his Eighth Amendment rights by failing to provide him with adequate dental treatment. More precisely, Plaintiff contends that he was assaulted by Dr. Aiakman, the dentist at FCI Beckley, when he mistakenly filled a tooth that did not need treatment. (Compl. at p. 4.) Plaintiff claims that "[o]n May 30, 2007, [he] was placed on call-out by a . . . medical staff member for the A&O physical and dental screening." (Compl. ¶ 12.) During this appointment, Plaintiff contends that "the dental department had another ['I]nmate King['] on sick-call appointment [and] when the plaintiff was seated, the dental staff had mistaken the plaintiff for the other ['I]nmate King['] on sick-call." (*Id*.) Plaintiff alleges that the medical staff failed to ensure he was the proper "Inmate King." (*Id*.) As a result, Plaintiff's "tooth had already been filled when the mistake was brought to my (sic) attention that I was initially there for a dental screening." (Compl. ¶ 15.) Plaintiff alleges that "Dr. Aiakman filled a tooth that there was nothing wrong with, which was tooth number [thirty] 30." (Compl. ¶ 16.)

Plaintiff alleges that as a result Defendants' mistake he had severe pain in his tooth which required treatment for sensitivity. (Compl. ¶ 17.) During one of the several follow-up appointments, Dr. Aiakman adjusted the occlusion on tooth number thirty (30) and prescribed Motrin and an antibiotic to alleviate his discomfort. (Compl. ¶ 20.) Plaintiff admits he had problems with tooth thirty-one (31) and thirty-two (32), but refused to allow Dr. Aiakman to

treat him regarding tooth number thirty-one (31) "because I felt that he did not know what he was doing." (Compl. ¶ 23.) Plaintiff claims that because Dr. Aiakman mistakenly filled tooth number thirty (30), he had "to have surgery for a root canal after being transferred from the Beckley facility." (Compl. ¶ 26.) Plaintiff alleges that Dr. Aiakman refused his request for a root canal on tooth number thirty (30). (*Id*.) Therefore, Plaintiff requests declaratory, injunctive, and monetary relief. (Compl. pp. 9-11.)

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III. PF&R AND PLAINTIFF'S OBJECTIONS

The Magistrate Judge screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A. This provision requires the Court to dismiss any portion or all of the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A (b)(1). The Court must also dismiss any portion or all of the complaint if the prisoner "seeks

monetary relief from a defendant who is immune from such relief." *Id*. at § 1915A (b)(2). The Magistrate Judge recommends that the Court dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies and also on the merits of the claim because the Magistrate Judge found that Defendants did not act with deliberate indifference. (Document 14 at 5-15.) The Court will address the PF&R and Plaintiff's objections in turn.[1]

**A. Exhaustion of Administrative Remedies**

The Magistrate Judge correctly laid out the applicable law with respect to exhaustion of administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (a) (2006), requires inmates to properly exhaust available administrative remedies prior to filing civil actions challenging the conditions of their confinement.[2] *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). This requirement is mandatory, and is applicable to *Bivens* claims. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Booth v. Churner, 206 F.3d 289, 291* (3d Cir. 2000). Prisoners are only required to exhaust available administrative remedies and "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore, 517 F.3d at 725.* (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).

In order to bring an action in federal court "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been

---

[1] The Court notes Plaintiff did not object to the recommendation that the Court deny Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document 7).

[2] The exhaustion provision of the PLRA states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

given an opportunity to address the claims administratively." *Moore*, 517 F.3d at 725. (citing *Woodford*, 548 U.S. at 87). "[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

The exhaustion of administrative remedies is an affirmative defense, rather than a jurisdictional requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it. *See Jones v. Bock*, 549 U.S. 199, 212 (2007); *see also Anderson*, 407 F.3d at 725. The Supreme Court rejected the argument that the failure to exhaust is somehow subsumed in the PLRA's enumeration of grounds authorizing early dismissal of a case. However, the Fourth Circuit stated, "even if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." *Moore, 517 F.3d at 725* (citing *Anderson,* 407 F.3d at 681 for the proposition that a district court may raise affirmative defense of exhaustion *sua sponte* under the PLRA so long as plaintiff is given an opportunity to respond). Here, Plaintiff is given such an opportunity via his objections to the PF&R.

The Magistrate Judge found that Plaintiff acknowledges he did not exhaust his administrative remedies in his Complaint. (Document 14 at 9.) The Magistrate Judge considered Plaintiff's contention that "exhaustion should be excused because (1) the Warden failed to timely respond to his administrative remedy request and (2) he was transferred to a different facility." (*Id*. at 9-10.) With respect to the claim that the Warden failed to timely respond, the Magistrate Judge found that 28 C.F.R. § 542.18 applies. It states that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Further, the

5

Magistrate Judge concluded that Plaintiff "failed to consider any absence of a response as a denial and proceeded to the next level." (Document 14 at 10.) Therefore, the Magistrate Judge found Plaintiff was not excused from exhausting his administrative remedies based on the Warden's failure to respond (*Id.*)

With respect to Plaintiff's justification based on Plaintiff's transfer from FCI Beckley, the Magistrate Judge concluded that "[a]n inmate's transfer to another facility, however, does not render the administrative remedy process unavailable."[3] (*Id.*) The Magistrate Judge concluded that "Plaintiff filed his Complaint prior to submitting his claims properly through the BOP's administrative remedy process." Accordingly, it is recommended that this matter be dismissed from the Court's docket.

Plaintiff objects to this finding on the ground that he was prevented from exhausting his administrative remedies because of the Warden's failure to timely respond to his BP-9 grievance form and on the ground that he was not provided an opportunity to appeal to the next level because he was denied BP-10 grievance forms while in transit to FCI Allenwood. (Document 18 at 6-9.)

Plaintiff's objection that he was prevented from exhausting his administrative remedies because of the Warden's late response to his B-9 grievance form was properly considered by the Magistrate Judge. In his objection, Plaintiff again contends the administrative process was unavailable to him because of the Warden's late response. He argues this should be excused

---

[3] In support, the Magistrate Judge relied on the following cases: *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002)(finding "[t]he fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."); *Jackson v. Studel*, 2010 WL 1689095, * 2 (W.D.N.C. April 26, 2010) ("Plaintiff's failure to exhaust his remedies is not . . . excused by his transfer to a different facility."); *Custer v. West Virginia Northern Regional Jail*, 2009 WL 1390817 (N.D.W.Va. May 15, 2009) ("There is simply nothing in the PLRA, or the pertinent case law, which supports the plaintiff's assertion that a transfer to another facility necessarily renders his administrative efforts futile."); and *Hendricks v. Barnes*, 2007 WL 2257565, *2 (M.D.N.C. Aug. 3, 2007) ("[A] plaintiff will not be excused from exhaustion because he is no longer at the facility where the complained of incident occurred.")

because his noncompliance was the result of the Warden preventing him from utilizing the administrative process. (Document 29 at 6-8) The Court finds that Plaintiff was not "prevented" from filing an appeal to the Warden's untimely response. Rather, he chose not to treat the untimely filing as a denial, at that level, as required by 28 C.F.R. 542.18. Therefore, the Magistrate Judge's finding that Plaintiff failed to consider any absence of a response as a denial and proceed to the next level is appropriate and the Court finds Plaintiff's objection is without merit.

Plaintiff's objection that he was denied an opportunity to appeal because he was denied a BP-10 form while in transit to FCI Allenwood was only partly considered by the Magistrate Judge. The Magistrate Judge correctly found that Plaintiff's transfer to a different facility does not render the administrative remedy process unavailable. (Document 14 at 10.) In his Complaint, Plaintiff alleges that he "was transferred from F.C.I. Beckley and remained in transit untill (sic) April 6th, 2008. Plaintiff have (sic) since attempted to exhaust this issue by requesting an extensions of time due to circumstance beyond his control . . . [.]" (Compl. ¶ 28.) Plaintiff apparently filed an untimely BP-10 grievance form which was rejected after his arrival at FCI Allenwood. (Document 18 at 9.) In Plaintiff's objections, he specifically claims, for the first time, that while "in transit for several months [he] was denied grivances (sic) and was not provided the opportunity to obtain a BP-10 . . . [.]" (*Id*.) Additionally, he specifically claims, for the first time, that he "further stated that he was transferred from F.C.I. Beckley after requesting a BP-10 which was never received from staff while in the SHU." (*Id*.)

In light of the Court's finding that the Magistrate Judge properly concluded that Plaintiff's transfer to a different facility does not render the administrative remedy process unavailable, Plaintiff's objection to that extent is overruled. Therefore, the Court adopts the

7

Magistrate Judge's recommendation that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies based on the information presented to the Magistrate Judge.

Generally, it is inappropriate for the Court to consider new arguments presented in a party's objections to a PF&R which the Magistrate Judge did not have the opportunity to consider. *Toliver v. City of New York*, 2011 WL 4964665 at *9, (S.D.N.Y. Oct. 18, 2011). However, out of an abundance of caution, the Court will address the merits of Plaintiff's claim.

## B. Eighth Amendment Claim

The Magistrate Judge correctly determined that prisoners are guaranteed "adequate medical care" under the Eighth Amendment. (Document 9 at 11.) The Magistrate Judge correctly considered the applicable law regarding the establishment of an Eighth Amendment violation based on a prisoner's "conditions of confinement." It is as follows:

> an inmate must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" *Id*. at 298 (citing *Rhodes v. Chapman*, 452 U.S. at 347)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)(quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). *See also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

(Document 14 at 11-12) (parallel citation omitted). Additionally, the Magistrate correctly determined that in order to rise to an Eighth Amendment violation, a medical need must "place an inmate at substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment causes continuous severe pain."

(Document 14 at 12.) To establish deliberate indifference in the treatment of a serious medical need "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id*. Further, "[a] defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id*. at 851-52. Most importantly, "mere negligence or malpractice does not violate the eighth amendment." *Id*. at 852.

To maintain and prevail on an Eighth Amendment claim, the Magistrate Judge indicated that Plaintiff must "first allege and eventually establish a 'sufficiently serious' deprivation of adequate medical care and resulting 'serious or significant physical or mental injury'. . . [.]" (Document 14 at 13.) Secondly, the Magistrate Judge indicated that Plaintiff must allege and prove each defendant's consciousness of the risk of harm to him to "establish the subjective component of deliberate indifference. . . [.]" (*Id*.) As the Magistrate Judge pointed out, "deliberate indifference" requires that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (Document 14 at 13) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Magistrate Judge assumed that tooth pain is a "serious medical condition" satisfying the objection standard, but found that Plaintiff cannot satisfy the subjective deliberate indifference standard. (Document 14 at 13.) First, this finding was based on

9

Plaintiff's claim that Dr. Aiakman "mistakenly" filled the wrong tooth which cannot amount to deliberate indifference. (*Id*.) Further, the Magistrate Judge notes that Plaintiff fails to allege Defendant Aiakman knew that he was the wrong inmate and also failed to allege Defendant Aiakman knowingly performed an unnecessary filling. (*Id*.) Second, the Magistrate Judge found that Defendants did not act with deliberate indifference in their treatment of Plaintiff's sensitivity and pain from June, 2007 until December, 2007. Simply put, the Magistrate Judge found that Plaintiff appeared to disagree with the medical treatment. (*Id*. at 14.) Although "Plaintiff contends that stronger pain medication should have been prescribed and a root canal should have been performed on tooth number [thirty] 30 to treat his symptoms of sensitivity and pain," the Magistrate Judge correctly concluded "that inmate's disagreement with his medical care for an objectively serious medical injury generally will not constitute a sufficient basis for a constitutional claim." (Document 14 at 14) (citation omitted). Therefore, the Magistrate Judge found that "Defendants did not act with deliberate indifference in providing Plaintiff with dental treatment."

In his objections to the PF&R, Plaintiff states that he alleged Defendants denied him "adequate and effective medical care after a medical mistake (Mistake) meaning negligence, Improper (sic) medical screening, Assault (sic) by staff which caused the plaintiff pain and suffering from a medical procedure he did not need, which further the dentist should have realized there was nothing wrong or (sic) any damage to the plaintiff's tooth." (Document 18 at 1-2.) Plaintiff readily admits that his claim is based on "mistake" and "negligence." Nowhere in Plaintiff's objections does he address the Magistrate's finding that he failed to allege Defendant's knew he was the wrong "Inmate

10

King" or that Defendant knowingly performed an unnecessary dental procedure. Instead, Plaintiff couches Defendants' actions in terms of "mistake," "negligence," and "should have realized." As pointed out by the Magistrate Judge, "mere negligence or malpractice does not violate the eighth amendment." *Miltier*, 896 F.2d at 852. Thus, Plaintiff essentially admits that he did not allege Defendants acted with the necessary subjective deliberate indifference to allow him to succeed on an Eighth Amendment claim. Moreover, Plaintiff puts forth no new evidence upon which he could rely to successfully prevail on an Eighth Amendment claim. After consideration of Plaintiff's objection, the Court finds Plaintiff's objection to be wholly without merit.

Additionally, Plaintiff "re-assert (sic) and contend (sic) that the dentist and the assistant violated the Plaintiff's Eighth Amendment Right's (sic) and subjected him to crual (sic) and unusual Punishment (sic) and caused severe pain and suffering . . . which was performed out (sic) deliberate indiffrence (sic) to the plaintiff's safety and well (sic) being." (Document 18 at 2.) The Plaintiff fails to point to any specific facts or standards that were not considered by the Magistrate Judge. Accordingly, the Court finds that this objection is general and conclusory in nature and, therefore, does not warrant *de novo* review. *Orpiano,* 687 F.2d at 47.

Furthermore, the Court finds the Magistrate Judge correctly applied the deliberate indifference standard to Plaintiff's alleged facts and, having considered the complaint and all specific objections, finds Plaintiff's Complaint fails to state a claim upon which relief can be granted.

11

## IV.     CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 14) be **ADOPTED**. The Court **ORDERS** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document 7) be **DENIED** and Plaintiff's Complaint (Document 1) be **DISMISSED WITH PREJUDICE** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     January 18, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA